# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 96 CR 553-4 |
| COMPTON JONES, | ) Judge Rebecca R. Pallmeyer |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Compton Jones moves for a reduction of his sentence pursuant to Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons explained here, the motion is granted, and Jones is ordered released from custody forthwith.

## BACKGROUND

In October 1996, a grand jury returned a fifteen-count indictment against Jones and seven co-defendants. The indictment [23] charged Jones with conspiracy to knowingly and intentionally distribute and possess with intent to distribute mixtures containing cocaine ("powder cocaine"), cocaine base ("crack cocaine"), heroin, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); knowingly and intentionally using minors in furtherance of the conspiracy, in violation of 21 U.S.C. § 861(a)(1) (Count 3); knowingly and intentionally using minors to avoid detection of the conspiracy, in violation of 21 U.S.C. § 861(a)(2) (Count 4); and finally, knowingly and intentionally distributing 5.5 grams and 26 grams of mixtures containing cocaine on two occasions in October 1996, in violation of 21 U.S.C. § 841(a)(1) (Counts 11 and 12). On August 21, 1998, a jury returned a verdict [433], finding Jones guilty as charged in all Counts of the indictment.

The jury did not make a determination concerning the weight of cocaine for which Jones was responsible (*see* Verdict [433]), but based on the Presentence Investigation Report ("PSR")

and witness testimony, the court determined during sentencing that Jones was responsible for distributing at least 1.5 kilograms of crack cocaine or 150 kilograms of powder cocaine, and therefore assigned a base offense level of 38. (Sentencing Tr. 9:15–18, Ex. A to Gov't Resp [1055].) The court added one level for the involvement of minors (*id.* 9:18–19), two levels for use of a firearm (*id.* 9:21–23; *see also* Order Reducing Sentence [979]), four levels for Jones's leadership role (Sentencing Tr. 9:24–25), but deducted three levels because Jones's leadership role was limited (*id.* 11:19–20). The result was an adjusted offense level of 42; with Jones's criminal history category of II, the sentencing guideline range was 360 months to life imprisonment. (*Id.* 11:23–12:2.) On December 28, 1998, Judge Marovich sentenced Jones to a within-guideline term of 420 months, well beyond the 20-year mandatory minimum on Count I. (*See id.* 12:21–23, 15:4–20.)

Following Judge Marovich's assumption of senior status, the case was reassigned. Jones filed two motions for sentence reductions, but the court denied them in October 2012 [921]. Three years later, however, Jones and the Government submitted a joint motion to reduce Jones's sentence in accordance with Amendment 782 to the Federal Sentencing Guidelines, which retroactively reduced the base offense level from 38 to 36 for the weight of crack cocaine for which Jones was held responsible at sentencing. (*See* Joint Mot. [979].) This court granted that motion in February 2015, reducing Jones's sentence from 420 to 324 months—the low end of the new guideline range of 324 to 405 months. (Order Reducing Sentence [979, 980].)

On June 14, 2019, Jones filed this pending motion for a reduced sentence under section 404 of the First Step Act. Jones notes that he was charged in the indictment with having distributed only a detectable amount of crack cocaine and the jury did not make a specific drug weight finding when it found him guilty. (Def.'s Mot. for Section 404 Relief ("Def.'s Mot.") [1050] ¶ 6.) Accordingly, he argues, he is now subject to the default 20-year maximum sentence in 21 U.S.C. § 841(b)(1)(C), rather than the mandatory minimums in § 841(b)(1)(A)–(B). (*Id.* ¶ 7.) He

also suggests that his new guideline range is 210 to 262 months.[1]  (*Id.*)  And, Jones contends, because he has already been imprisoned for more than 262 months, he should be released immediately.  (*Id.* ¶¶ 7, 9.)  The Government responds that Jones is not eligible for a sentence reduction under the First Step Act, because, given the weight of crack cocaine attributed to him during the sentencing hearing, the penalty for his violation of 21 U.S.C § 841(a)(1) has not changed.  (Gov't Resp. at 6.)

## DISCUSSION

The First Step Act authorizes retroactive application of certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, to the sentences of those who committed an offense involving crack cocaine prior to August 3, 2010.  Sections 2 and 3 of the Fair Sentencing Act reduce sentencing disparities between offenses involving crack and powder cocaine.  Section 404 of the First Step Act states, in relevant part:

> (a) DEFINITION OF COVERED OFFENSE.  In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.  A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

Pub. L. No. 115-391 § 404.  Relief under the First Step Act is discretionary, but a court may not grant relief if a defendant previously had his sentence reduced in accordance with section 2 or 3

---

[1] Jones does not explain this guideline calculation, but it appears to be calculated from a base offense level of 32.  In the post-Fair Sentencing Act Drug Quantity Table, a base offense level of 32 corresponds to the distribution of at least 840 grams but less than 2.8 kilograms of cocaine base.  *See* U.S.S.G. § 2D1.1.  This drug quantity appears to come from Judge Marovich's sentencing finding that Jones was responsible for at least 1.5 kilograms of cocaine base.  Adding the enhancements, described earlier, results in a total level of 36 and a guideline range of 210 to 262 months.

of the Fair Sentencing Act, or if the court previously considered and rejected the defendant's First Step Act motion on the merits.  *Id.* § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

I.      **Eligibility**

The First Step Act permits a court to retroactively apply provisions of the Fair Sentencing Act of 2010 to reduce an inmate's sentence imposed for a "covered offense."  A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," and that "was committed before August 3, 2010."  *Id.* § 404(a).  Section 2 of the Fair Sentencing Act reduced the sentencing disparity between offenses involving crack and powder cocaine in 21 U.S.C. § 841 by increasing the weight of crack cocaine required for certain mandatory minimums to apply.  *See Dorsey v. United States*, 567 U.S. 260, 263–64 (2012).  Specifically, section 2 of the Fair Sentencing Act increased the weight of crack cocaine required to trigger the 10-year mandatory minimum from 50 grams to 280 grams, and increased the weight of crack cocaine to which the 5-year minimum sentence applied from 5 grams to 28 grams.  *See* Pub. L. No. 111-220 § 2(a)(1)–(2).  The Fair Sentencing Act did not modify the 20-year maximum default sentence length in 21 U.S.C. § 841(b)(1)(C).

As an initial matter, Jones satisfies the first eligibility requirement for First Step Act relief—he committed his offense prior to August 3, 2010.  The Government argues, however, that Jones is ineligible for First Step Act relief because, based on the weight of crack cocaine for which Jones was held responsible during the sentencing hearing, the statutory penalties applicable to Jones's conduct have not changed.[2]  His offense is therefore not a "covered offense" as that term is

---

[2] The Government opens its response by arguing that Jones's motion is barred by section 404(c) of the First Step Act (Gov't Resp. at 1), but does not develop that argument further, instead contending that Jones's conviction is not a "covered offense" within the meaning of section 404(a). The Government's section 404(c) argument is therefore waived, but the court notes that its previous reduction [980] of Jones's sentence from 420 months to 324 months pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Federal Sentencing Guidelines does not affect

defined in the First Step Act. Specifically, the Government notes that during Jones's sentencing hearing after the jury found him guilty on all charges, the judge found at least 1.5 kilograms of crack cocaine or 150 kilograms of powder cocaine chargeable to Jones, which at the time meant that the applicable sentencing range was 10 years to life imprisonment. (Sentencing Tr. 9:15–18; Gov't Resp. at 5.) In denying Jones's earlier motions for sentence reductions, this court concluded that Jones was in fact responsible for distributing at least 4.5 kilograms of crack cocaine. (*See* Order Denying Mot. for Sentence Reduction [817, 921].) And, the Government notes, section 2 of the Fair Sentencing Act increased the threshold of crack cocaine that warrants the 10-year to life sentence term from 50 to 280 grams, but even that amount is well below the amount for which Jones was found responsible. Thus, in the Government's view, the Fair Sentencing Act had no effect on the penalty applicable to Jones's conduct, meaning that his is not an offense covered by section 404 of the First Step Act. Jones responds that the judicial determination of drug weight during sentencing (*i.e.* his actual conduct) is not relevant to whether his offense is "covered" under the First Step Act. Instead, he argues, the focus must be on the statute under which he was convicted along with the weight of crack cocaine charged in the indictment or found by the jury. The court agrees.

The Seventh Circuit has not yet ruled on the dispute regarding whether the drug weight in the indictment or the weight forming the basis of a defendant's sentence calculation controls First Step Act eligibility, but a number of other courts have concluded that "whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted." *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019). "If [a defendant] was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then

---

Jones's eligibility for First Step Act relief under the limitations provision in section 404(c). *See United States v. Young*, No. 97 CR 63-1, 2019 WL 6918279, at *2 (N.D. Ill. Dec. 19, 2019). Resentencing pursuant to Amendment 782 is not resentencing in accordance with section 2 or 3 of the Fair Sentencing Act.

5

he meets that aspect of a 'covered offense.'" *Id.*; *see also United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019); *United States v. Smith*, 2020 WL 1698797 (1st Cir. Apr. 8, 2020); *United States v. McDonald*, 944 F.3d 769 (8th Cir. 2019). Every court within this District has likewise determined eligibility for relief under section 404 of the First Step Act by reference to a defendant's "statute of conviction—and specific drug quantities found beyond a reasonable doubt or admitted in a guilty plea"—"not 'actual conduct.'" *United States v. Mitchell*, No. 06 CR 723-2, 2020 WL 1139245, at *3 (N.D. Ill. Mar. 9, 2020) (Leinenweber, J.); *see also, e.g., United States v. Williams*, 402 F. Supp. 3d 442 (N.D. Ill. 2019) (Chang, J.); *United States v. Cross*, 397 F. Supp. 3d 1184 (N.D. Ill. 2019) (Gottschall, J.); *United States v. Wright*, No. 03 CR 362-2, 2019 WL 3231383 (N.D. Ill. July 18, 2019) (Castillo, J.); *United States v. Booker*, No. 07 CR 843-7, 2019 WL 2544247, at *2 (N.D. Ill. June 20, 2019) (Lefkow, J.) (listing cases). That is, the "court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010," *Cross*, 397 F. Supp. 3d at 1186 (quotation omitted), and refer to the "amount charged in the indictment," not the amount "attributed to him or her by judicial finding." *Booker*, 2019 WL 2544247, at *3. Courts reach this conclusion as a matter of statutory interpretation and to avoid a constitutional question that could be raised by determining First Step Act eligibility based on a defendant's conduct rather than the offense with which he was charged.

The *Cross* case is illustrative. The court there interpreted the meaning of "covered offense" in section 404(a), explaining that in the criminal law context, the word "violation" refers to the "offense formally charged" and "of which the defendant was actually convicted." *Cross*, 397 F. Supp. 3d at 1187; *see also Williams*, 402 F. Supp. 3d at 446 (explaining that the Supreme Court has defined the term "offense" in the context of criminal restitution statutes to mean "the offense of conviction" not "all related otherwise criminal conduct"). And, the court continued, the "use of the phrase 'statutory penalties' and the reference to §§ 2 and 3 of the Fair Sentencing Act drive home the point that the statutory offense at conviction, not facts found at a later stage such

as sentencing, controls § 404 eligibility." *Cross*, 397 F. Supp. 3d at 1187. This is because section 404 focuses on the statutory changes brought about by the Fair Sentencing Act, not the sentencing guidelines, and focusing on the statute of conviction rather than offense conduct avoids "references that might bring into play the sometimes elaborate fact finding process under the sentencing guidelines." *Id.*

The Fourth Circuit reached the same conclusion, holding that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act." *Wirsing*, 943 F.3d at 186. The court explained that the most natural reading of the First Step Act requires the conclusion that the dependent "penalties" clause—"the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010"—refers to penalties associated with a "Federal criminal statute" rather than "violation." *Id.* at 185. As a general rule of statutory interpretation, the court explained, "modifiers attach to the closest noun," and "courts should not interpret statutes in such a way as to 'divorce a noun from the modifier next to it without some extraordinary reason.'" *Id.* (quoting *Lopez v. Gonzales*, 549 U.S. 47, 56 (2006)). Thus, "it is more natural to attach 'penalties' to 'statute,'" the closest noun, "than to 'violation.'" *Wirsing*, 943 F.3d at 185. The court further explained that the repetition of "statute" and "statutory" may initially seem redundant, but in fact is not. *Id.* at 186. The Act's specification that "statutory penalties" are at issue "avoid[s] any ambiguity that might arise in the sentencing context between penalties specified by statute or by the Guidelines.'" *Id.*; *see also Williams*, 402 F. Supp. 3d at 445 ("[I]n the context of federal sentencing, in which the Sentencing Guidelines still play a major role, modifying the word 'penalties' with the adjective 'statutory' does not seem particularly redundant.").

As the *Cross* court explained, this resolution eliminates a potential constitutional issue raised if section 404 eligibility turns on the defendant's conduct rather than on the offense of

7

conviction.  The combined effect of the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), is that "any fact that increases the statutorily prescribed mandatory minimum sentence must be submitted to and proven to a jury beyond a reasonable doubt." *Cross*, 397 F. Supp. 3d at 1189.  This is because a fact that "increases the punishment above what is otherwise legally prescribed," is an element of the offense.  *Alleyne*, 570 U.S. at 107.  And while *Apprendi* and *Alleyne* do not formally apply retroactively, it is nonetheless unclear whether relying on prior drug quantity findings that were never submitted to a jury to determine First Step Act eligibility would be consistent with the Court's reasoning and the Sixth Amendment.  *Cross*, 397 F. Supp. 3d at 1189.  In sum, because "drug quantities set forth in a PSR or found by a judge at sentencing cannot increase the penalty for a crime," courts within this Circuit, when determining First Step Act eligibility, have refused to consider a drug quantity finding made only by the sentencing court.  *Young*, 2019 WL 6918279, at *3; *see also Williams*, 402 F. Supp. 3d at 448 ("[B]y 2018 Congress knew that courts were no longer constitutionally permitted to impose mandatory minimums based solely on judicial fact-finding at sentencing.  Congress would not have expected federal courts to then double-down on those unconstitutional findings in applying the First Step Act.").

This court agrees with the weight of authority and finds Jones eligible for relief under section 404 of the First Step Act because the Fair Sentencing Act modified the penalties for the offense charged in his indictment.  A jury convicted Jones of violating 21 U.S.C. § 841(a) based on his participation in the drug distribution conspiracy, and, relying on the PSR, the Judge sentenced Jones under 21 U.S.C. § 841(b)(1)(A) after finding at least 1.5 kilograms of crack cocaine or 150 kilograms of powder cocaine chargeable to Jones.  (Sentencing Tr. 9:15–18.) Because the conspiracy charged in the indictment did not specify the quantity of crack cocaine involved, nor did the jury make such a finding, a court sentencing Jones as if the Fair Sentencing Act had been in effect at the time of his offense would find that he is now subject to the penalties

8

in 21 U.S.C. § 841(b)(1)(C) rather than the statutory mandatory minimums in § 841(b)(1)(A)–(B). *See Young*, 2019 WL 6918279, at *2; *see also United States v. Mansoori*, No. 97 CR 63-9, 2019 WL 6700166, at *3 (N.D. Ill. Dec. 9, 2019). Accordingly, the Fair Sentencing Act modified the statutory penalties for violating 21 U.S.C. § 841(a)(1) and Jones's conspiracy conviction is a "covered offense" under the First Step Act. *See Smith*, 2020 WL 1698797, at *4 ("We ask [ ] whether 'the statutory penalties for' § 841(a)(1), the statute of conviction in this case, 'were modified by section 2 of the Fair Sentencing Act of 2010.' The answer is an obvious 'yes.'").

The sentencing court imposed a single 420-month sentence for all five counts of Jones's conviction, so Jones is eligible for relief even though the four other counts on which he was convicted are not covered offenses. Specifically, in Counts 11 and 12, Jones was charged with distributing, in total, 31.5 grams of powder cocaine. (*See* Indictment at 21–22.) In Counts 3 and 4, Jones was charged with involving minors in the conspiracy. (*See id.* at 13–14.) The statutory penalties for offenses involving powder cocaine and using minors in drug distribution conspiracies were not affected by sections 2 or 3 of the Fair Sentencing Act, so these are not covered offenses. The court recognizes the current split in authority over whether the First Step Act permits plenary resentencing. *See United States v. Hamilton*, 790 F. App'x 824, 826 (7th Cir. 2020) (concluding that it was not plain error for a district court to reduce the defendant's sentence without a plenary resentencing) (citing *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) (plenary resentencing is not allowed); *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) (plenary resentencing a matter of district court's discretion)). Courts within this District have resentenced eligible defendants on all counts, rather than just the counts qualifying as covered offenses. *See, e.g., Mansoori*, 2019 WL 6700166, at *3–4; *United States v. Biggs*, No. 05 CR 316, 2019 WL 2120226, at *3–4 (N.D. Ill. May 15, 2019). Ultimately, however, the court need not decide the issue; resentencing Jones for his covered offense will necessarily modify the sentence for the non-covered offenses because the sentencing Judge imposed one 420-month sentence for all of

9

Jones's convictions (Sentencing Tr. 15:4–20), rather than, for example, multiple sentences to be served concurrently.  Because the conspiracy charge on which Jones was convicted is a covered offense within the meaning of the First Step Act, Jones is eligible for relief.

**II.    Discretion**

As Jones acknowledges, a court's decision whether to reduce the sentence of an eligible defendant pursuant to the First Step Act is discretionary.  *See* Pub. L. No. 115-391 § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").  The Government challenges whether Jones is eligible for First Step Act relief but did not directly address whether he is deserving of such relief should the court find him eligible.  For his part, Jones also has not provided information concerning his post-sentencing conduct.  *Cf. Cross*, 397 F. Supp. 3d at 1189 ("[The court] has reviewed the mitigating evidence attached to Cross' reply and [ ] this evidence further supports a sentence reduction."); *United States v. Jones*, No. 10 CR 985, 2019 WL 4942365, at *4 (N.D. Ill. Oct. 8, 2019) ("While in prison, [defendant] has demonstrated a desire to return to the community and support his family as a positive member of society by taking numerous education courses and receiving a variety of certificates, . . . [and] expressed to the Court his commitment to helping children and young adults in the community avoid the path that led him to prison.").  The court would ordinarily consider such information in making a determination whether to exercise its discretion to grant Jones's motion because "[e]vidence of post-sentencing rehabilitation 'may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing.'"  *Young*, 2019 WL 6918279, at *3 (quoting *Pepper v. United States*, 562 U.S. 476, 491 (2011)).

The evidence before the court of Jones's rehabilitation is limited, but the court declines to require further submissions on this issue.  Jones has served almost all of his revised 324-month sentence and is scheduled to be released in about one year, on July 10, 2021.  He is now 52

years old—an age when recidivism is less likely. *United States v. Johnson*, No. 01 CR 543, 2019 WL 2590951, at *4 (N.D. Ill. June 24, 2019) (citing *United States v. Tucker*, 356 F. Supp. 3d 808, 810 (S.D. Iowa 2019)). The court notes that the Government referred to Jones's disciplinary records in a 2009 response to one of Jones's earlier motions for a reduced sentence, but has not suggested that anything in his record now raises concerns about the appropriateness of early release. And Jones's own silence on the issue may be a function of the fact that he is not represented by counsel.

### III. Available Relief

Jones argues that because the indictment charges him with no specific amount of crack cocaine, and the jury made no specific weight finding, he should be serving a sentence no longer than the 20-year statutory maximum penalty in 21 U.S.C. § 841(b)(1)(C). The court agrees that the absence of a drug quantity specified in the indictment or the jury verdict means that Jones would be subject to the penalties in 21 U.S.C. § 841(b)(1)(C), were the court to resentence Jones as if sections 2 and 3 of the Fair Sentencing Act were in place at the time of his offense. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Mansoori*, 304 F.3d 635, 657 (7th Cir. 2002) ("In the absence of a jury finding, the default statutory maximum for cases in which no particular quantity of narcotics is proven—the twenty-year maximum provided for in section 841(b)(1)(C)—applies."). The court notes, however, that § 841(b)(1)(C) does not mandate a 20-year maximum sentence in all cases. Instead, it authorizes a 30-year maximum sentence if the violation occurred after a prior conviction for a felony drug offense became final, and a 20-year minimum if "death or serious bodily injury resulted from the use of such substance." 21 U.S.C. § 841(b)(1)(C). The sentencing transcript suggests these provisions may be relevant: first, during the sentencing hearing, Jones mentioned that he was serving a sentence for another crime during the period of time when the conspiracy was ongoing. (Sentencing Tr. 14:3–7.) Second, Judge Marovich found that Jones was subject to a 20-year mandatory minimum term, which under the law in effect in 1998, would

11

only apply had "death or serious bodily injury result[ed] from the use of such substance," or if Jones had committed the offense "after a prior conviction for a felony drug offense ha[d] become final." 21 U.S.C. § 841(b)(1)(A) (1994). Those are the same conditions that currently increase the permissible statutory sentence under § 841(b)(1)(C).

As noted, however, Jones has already served well in excess of 20 years in custody. Under his current sentence, he is eligible for release in a bit more than a year. There is no support in the record for the conclusion that an additional 15 months in custody would serve any deterrent purpose for an individual who has spent nearly all of his adult life in federal custody. Jones's motion is granted.

## **CONCLUSION**

Mr. Jones's motion for relief under the First Step Act [1050] is granted. The court orders that his sentence be reduced to time served, and that he be released from custody forthwith. The court leaves intact Jones's 10-year period of supervised release.

ENTER:

Date: April 13, 2020

_____
REBECCA R. PALLMEYER
United States District Judge